CHRISTIAN J. MEGERLE, Respondent, v. RICHARD P. ASHE et al., Appellants.

No. 1635; September 16, 1872.

**Public Land—Declaratory Statement—Failure of Pre-emptor to File.**—The failure by a pre-emptor, having the requisite qualifications as such and living on the land, to file his declaratory statement in season would not, where there is no rival claimant to the land, disable him from becoming a pre-emptor de novo.

APPEAL from Fifth Judicial District, San Joaquin County.

G. W. Tyler for respondent; Patterson, Wallace & Stow for appellants.

See Megerle v. Ashe, ante, p. 659, 33 Cal. 74; 47 Cal. 632.

BELCHER, J.—The plaintiff claims title under a patent issued to him by the United States, and the defendants claim under a patent issued to David S. Terry by the state of California.

The facts, so far as material, are substantially as follows:

The plaintiff settled upon the quarter section of land in controversy in 1850, and continued to reside there with his family until 1860, when he was forced to leave by high water. Prior to that time he had entered the quarter section in the proper United States land office and obtained a certificate of purchase therefor. The township including the land in question was surveyed in the field in May and June, 1855, and the plat of survey, properly certified by the surveyor general, was forwarded to the office of the register at Marysville on the fourth day of December, 1855, and received in that office on the fifth day of the same month. No notice of the return of the plat was given until the 15th of February, 1856, when a notice was published in a Marysville newspaper by the officers of the Marysville land office, notifying settlers in the township that it was necessary for them to file their declaratory statements on or before the fifteenth day of May, 1856. On the 16th of April, 1856, the plaintiff filed his declaratory statement in the register's office, and on the 28th of May, 1860, proved up and entered, and paid for his claim with a soldier's bounty land warrant. In pursuance of, and to give effect to, the plaintiff's entry the United States issued to him a patent for the land bearing date on the first day of September, 1863.

At the time of the plaintiff's settlement and entry he was a qualified pre-emptor under the laws of the United States. On the 14th of May, 1856, Terry, as the agent of the state, selected the quarter section in question in part satisfaction of the grant of five hundred thousand acres of the public lands, made by Congress to the state by the act of September 4, 1841, and on that day located thereon in the proper United States land office a state school land warrant. In pur-

suance of this selection and location the state of California issued to Terry its patent for the land, bearing date on the eighth day of January, 1862.

It is thus seen that defendant's title had its inception on the 14th of May, 1856, twenty-eight days after the plaintiff filed his declaratory statement in the land office.

Very much of the labor in the case, both in the court below and in this court, has been expended upon the question whether the township plat is to be deemed to have been "returned" to the land office on the 5th of December, 1855, when it was received there, or not till the fifteenth day of February following, when notice to the settlers was published by the register and receiver.

This question was deemed material, upon the theory that if the plaintiff failed to file his declaratory statement within three months after the return of the plat, he lost all right ever to file one upon this land, and hence the land was open and subject to selection by the state when its attempted selection was made. With the views we now entertain of the case, this question becomes comparatively immaterial.

As already seen, the plaintiff did file his declaratory statement on the 16th of April, 1856. At that time he was a qualified pre-emptor, was living on the land, and there was no adverse claim to it. If he failed to file within three months after the plat was returned to the land office, his pre-emption right did not by relation date back to the time of his settlement, but the law did not forbid his exercising a new pre-emption right as of that date. The land was free from all claims, and the law invited its settlement and pre-emption by anyone having the necessary qualifications. No reason is found, either in the letter or spirit of the law, why the plaintiff could not accept that invitation.

Such has been the construction given to the law by the officers of the land department (Lester's Land Law, No. 458, p. 404, and No. 475, p. 418), and such is the construction given by the supreme court of the United States: Johnson et al. v. Towsley [13 Wall. 72, 20 L. Ed. 485], decided at the December Term, 1871. In this case, speaking of the fifth section of the act of 1843, the court say: "The record shows undoubtedly that his settlement commenced about eight months before he filed his declaration, and it must be con-

ceded that the land was of that class which had not been pro-
claimed for sale, and his case must be governed by the provi-
sion of that section.  It declares that when the party fails
to make the declaration within the three months his claim
is to be forfeited and the tract awarded to the next settler
in order of time on the same tract, who shall have given such
notice, and otherwise complied with the conditions of the law.
The words 'shall have given such notice' presuppose a case
where some one has given such notice before the party who
has thus neglected seeks to assert his right.  If no other party
has made a settlement or has given notice of such intention,
then no one has been injured by the delay beyond three
months, and if at any time after the three months, while the
party is still in possession, he makes his declaration, and this
is done before anyone else has initiated a right of pre-emption
by declaration or settlement, we can see no purpose in forbid-
ding him to make his declaration, or in making it void when
made.  And we think that Congress intended to provide for
the protection of the first settler by giving him three months
to make his declaration, and for all other settlers by saying
that if this is not done within three months, anyone else who
has settled on it within that time, or at any time before the
first settler makes his declaration, shall have the better right.
As Towsley's settlement and possession were continuous, and
as his declaration was made before Johnson or anyone else
asserted claim to the land, or made a settlement, we think
his right was not barred by that section under a sound con-
struction of its meaning.''

It follows that when the school land warrant was located
the land was not subject to selection by the state and no title
passed by the state's patent: Terry v. Mergerle, 24 Cal. 625,
85 Am. Dec. 84.

By the judgment the plaintiff recovered the whole quarter
section as against all of the defendants.  The defendant
Ashe was not served with summons and did not appear in
the action.  No testimony was introduced showing possession
by any of the defendants, but Van Syckle and Flanders by
their answer admitted that they were in possession ''of all of
the said premises except about eight acres thereof situated
in the southwest corner of said northwest quarter of said
section 21, which said eight acre tract is bounded on the

south by the southerly line of said northwest quarter and west by the westerly line of said northwest quarter, and which said eight acres is in the occupancy of the plaintiff.'' Clearly as to this eight acres, the plaintiff was not entitled to judgment.

Upon the other points we are satisfied with the opinion already filed on this appeal.

It follows that the judgment against Ashe must be reversed, and the judgment against the other defendants must be modified so as not to include the eight acres not in their possession. Judgment to be entered as of January 4, 1871, and it is so ordered.

We concur: Niles, J.; Crockett, J.; Rhodes, J.

The chief justice, having been of counsel, did not sit in this cause.